UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLYANN MCKENZIE,

                              Plaintiff,

                - against -

PERRIGO,

                              Defendant.

**OPINION & ORDER**

22-CV-08720 (PMH)

PHILIP M. HALPERN, United States District Judge:

Kellyann McKenzie ("Plaintiff"), proceeding *pro se*, initiated this action in the Supreme Court of the State of New York, County of Westchester on July 15, 2022, arising out of her use of a skin care product manufactured by Perrigo ("Defendant") called "ScarAway." (Doc. 1, "Compl."). Defendant removed the action to this Court on October 13, 2022.[1] (*Id.*). Plaintiff thereafter, with the Court's permission, filed a Second Amended Complaint, the operative pleading, alleging that she suffered injuries after using ScarAway. (Doc. 28, "SAC").

Defendant, in accordance with the briefing schedule set by the Court, filed a motion to dismiss the Second Amended Complaint on February 14, 2023 pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 25; Doc. 27, "Def. Br."). Plaintiff filed an opposition to Defendant's motion to dismiss on February 21, 2023 (Doc. 29, "Pl. Br."), and the motion was fully submitted with the filing of Defendant's reply on March 7, 2023 (Doc. 30, "Reply").

For the reasons set forth below, Defendant's motion to dismiss is DENIED.

---

[1] The Notice of Removal identifies Perrigo as a Michigan corporation with its principal place of business in Allegan, Michigan. (Doc. 1 at 2). Defendant's Rule 7.1 disclosure statement states that its proper name is "Perrigo Company." (Doc. 5).

**BACKGROUND**

Plaintiff alleges that she purchased ScarAway silicone scar sheets in July 2019 to improve the appearance of a scar on her face. (SAC ¶¶ 3-4). Plaintiff, after using ScarAway, began experiencing facial swelling and sought advice from a dermatologist who advised Plaintiff that she may have suffered an allergic reaction to the product and suffered a chemical burn to her face. (*Id.* ¶¶ 5-7). Plaintiff also alleges that she suffered permanent nerve damage to the right side of her face and a diminished sense of smell. (*Id.* at 6). Plaintiff alleges, in her opposition memorandum, that Defendant "produced a faulty product that caused facial swelling and a chemical burn to [P]laintiff's face when applied." (Pl. Br. at 1).[2]

**STANDARD OF REVIEW**

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted

---

[2] "Given the liberality afforded *pro se* litigants, it is appropriate to consider new allegations in a *pro se* plaintiff's opposition memorandum where they are consistent with the allegations contained in the pleading." *Van Orden v. City of Port Jervis*, No. 20-CV-07207, 2022 WL 1667024, at *1 n.4 (S.D.N.Y. May 25, 2022) (collecting cases).

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-pled factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-pled factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "is inapplicable to legal conclusions,' and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). In construing complaints by plaintiffs proceeding *pro se*, the Court "applies a more flexible standard to evaluate their sufficiency than it would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections in City of N.Y.*, 232 F.3d 135, 139–40 (2d Cir. 2000). Thus, the Court is obligated to construe *pro se* pleadings with "special solicitude, interpreting the complaint to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). However, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). Dismissal of a *pro se* complaint is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Temple v. Hudson View Owners Corp.*, 222 F. Supp. 3d 318, 323 (S.D.N.Y. 2016)).

## ANALYSIS

Defendant argues that the Second Amended Complaint should be dismissed because Plaintiff "has failed to allege sufficient facts to put [Defendant] on notice of the claims against it." (Def. Br. at 4). Plaintiff alleges that Defendant produced a "faulty" and "defective" product that did not perform as intended, and that Plaintiff's use of that product caused her injuries. (*See generally* SAC; Pl. Br. at 1-2). "Under New York law, a plaintiff may allege that a product is defective for any of three reasons: (1) manufacturing defect, (2) failure to warn, or (3) design defect." *Williamson v. Stryker Corp.*, No. 12-CV-07083, 2013 WL 3833081, at *6 (S.D.N.Y. July 23, 2013). Construing Plaintiff's Second Amended Complaint "to raise the strongest claims that it suggests,"—as the Court is obligated to do—the Court interprets Plaintiff's allegations to press a manufacturing defect claim. *Hill*, 657 F.3d at 122.

To state a claim for manufacturing defect under theories of strict liability or negligence "the plaintiff must allege that (1) the product was defective due to an error in the manufacturing process and (2) the defect was the proximate cause of plaintiff's injury."[4] *Williamson*, 2013 WL 3833081, at *4. Plaintiffs are not, at the pleading stage, required "to allege specific facts about the manufacturing process." *Id.* (citing *Ohuche v. Merck & Co., Inc.*, No. 11-CV-02385, 2011 WL 2682133, at *2-3 (S.D.N.Y. July 7, 2011)). Plaintiff has, when drawing all reasonable inferences in her favor and construing her pleading to raise the strongest claims that it suggests, sufficiently alleged a manufacturing defect claim "based on the circumstances" surrounding her use of the product and the injuries she sustained to her face thereafter. *Id.* Plaintiff alleges that she consulted

---

[4] "Under New York law, strict liability and negligence are functionally equivalent." *Cosh v. Atrium Med. Corp.*, No. 1:18-cv-08335 (ALC), 2020 WL 583826, at *2 (S.D.N.Y. Feb. 6, 2020) (collecting cases); *Tears v. Boston Sci. Corp.*, 344 F. Supp. 3d 500, 509 (S.D.N.Y. 2018) (same). Accordingly, the Court will analyze Plaintiff's strict liability and negligence claims using the same standards.

with a dermatologist after using ScarAway and was advised that she suffered an allergic reaction and a chemical burn. (SAC ¶ 7). Plaintiff further alleges that while she is "sure" that a chemical in the product caused her injuries she is "unsure of what chemical caused [the] reaction as Plaintiff is not a doctor or a chemist." (SAC ¶ 9). Under New York law, when the determination of whether an injury was caused by some event or conduct is "presumed not to be within common knowledge and experience," competent medical opinion evidence is necessary to enable a fact-finder to find the requisite causation. *Fane v. Zimmer, Inc.*, 927 F.2d 124, 131 (2d Cir. 1991). That is the case here. It is sufficient, at this stage of the case for Plaintiff to allege that she used ScarAway on her face and sustained facial injuries as a result of the product's defective manufacture. *See Williamson*, 2013 WL 3833081, at *6.

Accordingly, Plaintiff has sufficiently alleged a manufacturing defect claim.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is DENIED. Defendant shall file an Answer to the Second Amended Complaint within 14 days of this Opinion & Order.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 25.

SO ORDERED.

Dated:   White Plains, New York
         September 14, 2023

_____
PHILIP M. HALPERN
United States District Judge



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

