UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KELLYANN MCKENZIE,

                Plaintiff,              **ORDER**

    -against-                          22 Civ. 8720 (AEK)

PERRIGO,

                Defendant.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

The Court is in receipt of Plaintiff's letter dated June 12, 2025, *see* ECF No. 61, and interprets the letter as a motion to stay this proceeding, owing to various personal circumstances, until she returns to the United States in September 2025. Plaintiff's motion to stay the proceedings is DENIED.

On May 27, 2025, the Court issued an order via a memorandum endorsement which set certain new deadlines and made clear that there would be no further extensions of the revised deadlines. *See* ECF No. 60. In light of Plaintiff's most recent filing, there is now further clarity as to certain items addressed in the May 27, 2025 order, and the case will proceed as follows:

    1.      Plaintiff's deadline to obtain and produce any records from Dr. Thompson was extended to June 10, 2025. Plaintiff now indicates that she will be traveling to Jamaica, where Dr. Thompson keeps his offices, and is "hoping to see [him] in person and obtain the records" herself. ECF No. 61. This statement is an admission that Plaintiff failed to obtain and produce records from Dr. Thompson by the June 10, 2025 deadline. Accordingly, Plaintiff may not rely on any medical records she may receive from Dr. Thompson to support her claims in this case.

In addition, counsel for Defendant is no longer required to submit a letter by June 17, 2025 to report whether Plaintiff has produced any records from Dr. Thompson.

2.   Plaintiff's deadline to serve an expert report was extended to June 23, 2025. While Plaintiff still has one week remaining to meet this deadline, the fact that Plaintiff did not make any reference to a forthcoming expert report in her June 12, 2025 letter is a strong indication that Plaintiff will not be serving any expert report. Again, as specified in the May 27, 2025 order, there will be no further extensions of this deadline. Counsel for Defendant is directed to submit a letter by June 24, 2025 to report whether Plaintiff has served any expert reports.

3.   In light of Plaintiff's most recent correspondence and this order, as part of the June 24, 2025 letter, counsel for Defendants must also state whether Defendant remains interested in a settlement conference or mediation at this time, and if so, whether Defendant has any preference as between having a settlement conference with a different Magistrate Judge or being referred to the Court's mediation program.

4.   As set forth in the May 27, 2025 order, any expert depositions in this case will take place only after a settlement conference or mediation is held. If it becomes clear that there is no longer an interest in proceeding with a settlement conference, the Court will revisit the issue of expert depositions in its next order.

\* \* \* \* \* \* \* \*

Lastly, Plaintiff's June 12, 2025 letter included a phone number and address that differs from the phone number and address listed for her on the docket. By no later than July 2, 2025, Plaintiff must submit a letter to the Court to clarify which address and phone number are

currently the best ways to contact her. If necessary, upon receipt of this letter, the Court will order that the docket be updated.

Dated: June 16, 2025
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge