UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

KELLYANN MCKENZIE,

                        Plaintiff,                    **ORDER**

        -against-                                     22 Civ. 8720 (AEK)

PERRIGO,

                        Defendant.

--------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       The Court is in receipt of Defendant's letter dated June 25, 2025. *See* ECF No. 65. The Court rules as follows.

       1.      In Defendant's June 25, 2025 letter submission, Defendant confirmed that Plaintiff did not serve an expert report by the June 23, 2025 deadline. As set forth in the Court's June 16, 2025 order, there will be no further extensions of this deadline. Accordingly, Plaintiff will have to proceed in this case without having submitted any expert reports.

       2.      Defendant's June 25, 2025 letter also makes clear that Defendant is no longer interested in a settlement conference at this time, and the Court will not compel the parties to participate in a settlement conference given that one party has concluded that a settlement conference will not be productive.

       3.      While Defendant has reiterated its interest in filing a motion for summary judgment, the next step here, as indicated in paragraph 4 of the Court's June 16, 2025 order, is the possibility of expert depositions. As the Court has stated previously, for any party that seeks to take an expert deposition, there are very substantial expenses, including the cost of recording the deposition and the payment of reasonable fees to the expert for his/her time associated with

the deposition.  *See* Fed. R. Civ. P. 26(b)(4)(E), 30(b)(3)(A).  These expenses must be paid even by litigants who are proceeding *pro se*.  As a result, many litigants who are proceeding *pro se* choose not to take depositions; while parties have the right to take depositions, they are not required to take them.  Plaintiff must notify the Court by no later than July 31, 2025 as to whether she wishes to proceed with depositions of Defendant's experts.  If Plaintiff does indicate that she wishes to proceed with expert depositions, the Court will schedule a conference in early August to discuss the logistics of and parameters for those depositions.  If Plaintiff does not provide any notification to the Court by the July 31, 2025 deadline, the Court will interpret this to mean that Plaintiff does not intend to proceed with expert depositions, and will set a schedule in its next order for the briefing of Defendant's motion for summary judgment.

Dated:  June 26, 2025
        White Plains, New York

                              **SO ORDERED.**

                              _____
                              ANDREW E. KRAUSE
                              United States Magistrate Judge

2