UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

KELLYANN MCKENZIE,

Plaintiff,

-against-

PERRIGO,

Defendant.
-----------------------------------------------------------x

**ORDER**

22 Civ. 8720 (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On September 1, 2026, Plaintiff Kellyann McKenzie filed a motion to proceed *in forma pauperis* ("IFP") on her appeal to the United States Court of Appeals for the Second Circuit. ECF No. 89. Ms. McKenzie had not previously sought IFP status while this matter was pending before the district court. Because Ms. McKenzie's application does not contain all of the required information, the application is DENIED WITHOUT PREJUDICE.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure requires a party to a district-court action who desires to appeal IFP to file a motion in the district court, as Ms. McKenzie has done here. The applicant for IFP status must attach an affidavit to the motion that: "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). In addition, Local Rule 24.1 of the Local Rules of the Court of Appeals for the Second Circuit provides that a motion for leave to proceed IFP "must include (1) the affidavit prescribed by [Federal Rule of Appellate Procedure] 24(a)(1), and (2) a statement that identifies the relevant facts and makes a showing of likely merit as to each issue the appellant intends to present on appeal." Second Cir. L.R. 24.1.

As an initial matter, in support of her application, Ms. McKenzie submitted Form AO 239, "Application to Proceed In District Court Without Prepaying Fees or Costs," rather than the "Form 4" affidavit for permission to appeal IFP, which is available on the Second Circuit website, *see* https://www.ca2.uscourts.gov/clerk/case_filing/forms/forms_home.html. Even though the forms contain similar fields for financial information, Form 4 includes a space for providing the filer's "issues on appeal," which is aimed at the requirements of Rule 24(a)(1)(B) and (C) of the Federal Rules of Appellate Procedure. Ms. McKenzie's application does not contain any information about her entitlement to redress, does not state the issues that she intends to present on appeal, and does not identify relevant facts or make a showing of likely merit as to each issue that she intends to present. *See, e.g.*, *Burgess v. Costco Wholesale Corp.*, No. 21-cv-5178 (VR), 2024 WL 4756349, at *1 (S.D.N.Y. Oct. 29, 2024); *Santander Bank, N.A. v. Harrison*, No. 15-cv-1730 (AVC), 2016 WL 11671652, at *1 (D. Conn. Aug. 2, 2016).

Accordingly, Ms. McKenzie's motion for leave to proceed IFP on her appeal is hereby DENIED WITHOUT PREJUDICE. Ms. McKenzie may submit a new version of her motion to proceed IFP to attempt to correct these errors.

The Clerk of Court is respectfully directed to enter this order and transmit it to the Court of Appeals, as set forth in the notice at ECF No. 90. The Clerk of Court is also respectfully directed to mail a copy of this order to the *pro se* Plaintiff at her address of record on the docket, and to terminate the motion at ECF No. 89.

Dated: October 15, 2026
White Plains, New York

**SO ORDERED.**

[signature]

ANDREW E. KRAUSE
United States Magistrate Judge

2024 WL 4756349
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Irena BURGESS, Plaintiff,
v.
COSTCO WHOLESALE CORPORATION, Defendant.

7:21-cv-5178 (VR)
|
Signed October 29, 2024

**Attorneys and Law Firms**

Irena Burgess, Greenwich, CT, Pro Se.

Allison Cory Leibowitz, Simmons Jannace DeLuca, LLP, Syosset, NY, Matthew C. Maloney, Sal F. DeLuca, Michael Christopher Lamendola, Simmons Jannace DeLuca, LLP, Hauppauge, NY, for Defendant.

**OPINION & ORDER**

VICTORIA REZNIK, United States Magistrate Judge:

***1** Plaintiff, proceeding *pro se*, moves for leave to proceed *in forma pauperis* on appeal pursuant to Federal Rule of Appellate Procedure (FRAP) 24(a)(1). (ECF No. 92). For the reasons stated below, the motion is **DENIED**.

**DISCUSSION**

On September 27, 2024, this Court granted Defendant Costco Wholesale Corporation's motion for summary judgment. (ECF No. 88). Burgess then filed a Notice of Appeal on October 10, 2024, seeking to proceed *in forma pauperis* and Costco filed an opposition on October 28, 2024, both of which this Court considers in deciding the motion. (ECF No. 92). [1]

The Court has broad discretion in considering whether to grant an applicant's request to proceed *in forma pauperis* on appeal. *Brown v. James*, No. 20-CV-10491 (VSB), 2024 WL 2112434, at *1 (S.D.N.Y. Apr. 5, 2024) (citing *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322 (S.D.N.Y. 2010)); *Lewis v. N. Gen. Hosp.*, No. 06 CIV. 4909(DC), 2024 WL 55047, at *1 (S.D.N.Y. Jan. 4, 2024) (finding that "it is still within the discretion of the district court whether to grant a request to proceed *in forma pauperis*."). In exercising that discretion, the Court must answer whether the appeal is taken in good faith. *Brown*, 2024 WL 2112434, at *1; *Lewis*, 2024 WL 55047, at *1. Indeed, an "appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Uppal v. W. Express, Inc.*, No. 15CIV9976ATRWL, 2019 WL 8262651, at *1 (S.D.N.Y. Apr. 18, 2019) (quoting *Romero v. DHL Express, Inc.*, No. 15 Civ. 4844, 2017 WL 2266990, at *1 (S.D.N.Y. May 6, 2017)) (internal quotation marks omitted); *see also* Fed. R. App. P. 24(a)(3)(A) ("A party ... may proceed on appeal *in forma pauperis* ... unless the district court ... certifies that the appeal is not taken in good faith...."). Importantly, "good faith is judged by an objective standard, and if an appeal is frivolous it is not taken in good faith." *Brown*, 2024 WL 2112434, at *1 (quoting *Morales v. New York & Presbyterian Hosp.*, No. 18CV9711GBDKHP, 2020 WL 13749978, at *3 (S.D.N.Y. Apr. 13, 2020)).

Here, Burgess has failed to state the issues that she will raise on appeal (ECF No. 93 at 2), even though the appellate rules require that she do so. Fed. R. App. P. 24(a)(1)(C) ("party must attach an affidavit that ... states the issues that the party intends to present on appeal"). Indeed, the Second Circuit Local Rules require that a motion for leave to appeal *in forma pauperis* must include "a statement that identifies the relevant facts and makes a showing of likely merit as to each issue the appellant intends to present on appeal." Second Circuit Local Rule 24.1. [2] Burgess leaves this section of the application blank, depriving the Court of a basis to evaluate the good faith and merits of her appeal. *Uppal*, No. 15CIV9976ATRWL, 2019 WL 8262651, at *1 (S.D.N.Y. Apr. 18, 2019) (denying motion to proceed *in forma pauperis* when plaintiff failed to identify specific issues to be raised on appeal); *Lewis*, 2024 WL 55047, at *1 (denying motion to proceed *in forma pauperis* when plaintiff failed "to answer the portion of the form requiring him to state the issues on appeal"); *Garcia v. Paylock*, No. 13-cv-2868, 2014 WL 1365478 (E.D.N.Y. Apr. 7, 2014) (denying motion to proceed *in forma pauperis* when plaintiff failed to identify particular parts of decision he would challenge).

***2** Even if Burgess had properly completed the motion form, the Court finds that an appeal would not be taken in good faith because she has failed to demonstrate that her claims have any merit. (ECF Nos. 58 (Motion for Summary Judgment), ECF No. 66 (Plaintiff's Opposition to Summary Judgment), 84 (Defendant's Reply to Plaintiff's Opposition), 88 (Opinion and Order on Motion for Summary Judgment)). As stated in the

Court's September 27, 2024 order, Burgess has failed to make out an essential element of her claim, proximate causation. (ECF No. 88 at 20). As the Court explained, the "sort of injuries Burgess alleges she suffered, coupled with her prior medical history, are complex enough to require some expert evidence or at least a treating physician" to prove causation, which she did not provide. (*Id.*). And in her motion for leave to proceed *in forma pauperis* on appeal, Burgess fails to identify any relevant facts or entitlement to redress that would counter this finding. *Nigel Fredricks v. Doe*, No. 20 CIV. 5738 (AT), 2020 WL 8513505, at *2 (S.D.N.Y. Dec. 2, 2020) (denying motion to proceed *in forma pauperis* because plaintiff did "not identify the relevant facts or entitlement to redress, or provide an adequate basis for the Court to evaluate what Plaintiff intends to challenge on appeal").

Thus, the Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal taken from this Court's September 27, 2024, order would not be taken in good faith.

## CONCLUSION

Burgess' application to proceed *in forma pauperis* is **DENIED**.

**SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2024 WL 4756349

## Footnotes

1 In their Opposition, Costco argues that Burgess is not entitled to *in forma pauperis* status under the statute because Burgess' "affidavit alleging that she does not have security and/or funds to cover the costs incurred" in appealing the case is "flawed at best." (ECF No. 96 at 6). The Court notes that Burgess filed the requisite form detailing her claimed inability to pay or give security for fees or costs. But otherwise, in exercising its discretion to grant such requests, the Court declines to decide this motion on that basis.

2 Second Circuit Local Rule 24.1, *available at* http://www.ca2.uscourts.gov/clerk/case_filing/rules/title6/local_rule_24_1.html.

End of Document © 2026 Thomson Reuters. No claim to original U.S. Government Works.

2016 WL 11671652
Only the Westlaw citation is currently available.
United States District Court, D. Connecticut.

SANTANDER BANK, N.A., Plaintiff,
v.
Angela HARRISON, Defendant.

CASE NO. 3:15cv1730(AVC)
|
Signed 08/02/2016

**Attorneys and Law Firms**

Geoffrey K. Milne, Jeffrey T. Schuyler, Peter A. Ventre, McCalla Raymer Leibert Pierce, LLC, Hartford, CT, for Plaintiff.

Angela Harrison, Norwalk, CT, pro se.

RECOMMENDED RULING ON DEFENDANT'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Robert A. Richardson, United States Magistrate Judge

***1** Pending before the court is Defendant Angela Harrison's motion to proceed *in forma pauperis* on appeal. [1] (Dkt. #64). Defendant has filed two notices of appeal on the docket. One is an appeal from Judge Covello's ruling granting summary judgment in favor of plaintiff, and the other is from Judge Covello's order holding that multiple pending motions were moot in light of the summary judgment ruling. (Dkt. #60 and 63). Due to plaintiff's failure to abide by Federal Rule of Appellate Procedure 24, the undersigned recommends that the motion to proceed *in forma pauperis* be denied without prejudice.

When a party wishes to appeal an adverse ruling and has not been granted *in forma pauperis* status previously, the process is governed by Rule 24 of the Federal Rules of Appellate Procedure. *See* Beltran v. Murphy, Docket No. 3:09CV1880 (JBA), 2010 WL 4738066, at *1 (D. Conn. Nov. 16, 2010). Rule 24(a)(1) outlines that in order to proceed, a party:

> must file a motion in district court[ ] [and] must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. Rule 24(a)(1).

Here, defendant has fallen shy of meeting the requirements of this rule. The Court notes that the defendant has supplied the court with a District Court *in forma pauperis* motion form, not Form 4 as required by Rule 24(a)(1). Therefore, defendant's motion to proceed *in forma pauperis* does not sufficiently identify, or identify at all, defendant's claimed entitlement to redress or the issues that defendant intends to present on appeal. Rule 24(a)(1)(B) and (C) require such information to be provided in an affidavit attached to the motion. Such information is required so the court can make a determination regarding the sufficiency and good faith of a party's claims of error on appeal. *See* 28 U.S.C. § 1915(a)(1)-(3).

The undersigned recommends that the defendant's motion to proceed *in forma pauperis* be DENIED without prejudice. If defendant wishes to refile her motion to proceed *in forma pauperis* she is instructed to comply with the affidavit requirements of Rule 24(a).

Additionally, although the Court finds that the information provided on the District Court form is sufficient for purposes of Form 4's financial inquiry, the defendant has crossed out many sections and left blank information such as monthly expenditures on food and other necessities. Disclosing further financial obligations would likely help illustrate defendant's need for *in forma pauperis status.* Therefore, the Court recommends that if defendant refiles her motion, she complete all applicable sections of Form 4.

Any party may seek the district court's review of this recommendation. See 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72; Rule 72.2 of the Local Rules for Magistrate Judges; Thomas v. Arn, 474 U.S. 140, 155 (1985). Failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling. Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).

***2** SO ORDERED this 2nd day of August, 2016 at Hartford, Connecticut.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 11671652

## Footnotes

1 U.S. District Judge Alfred V. Covello referred the motion to the undersigned on July 28, 2016. (Dkt. #65).

End of Document © 2026 Thomson Reuters. No claim to original U.S. Government Works.